UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| EVERTON BARTLEY, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 6: 17-333-DCR |
| | ) |
| V. | ) |
| | ) |
| J. RAY ORMOND, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

*** *** *** ***

Inmate Everton Bartley has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] This matter is pending for initial screening of Bartley's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In October 2001 a jury in Charlotte, North Carolina found Bartley guilty of conspiracy to possess with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. 846 and unlawful importation of both drugs in violation of 21 U.S.C. § 960(a). Prior to trial, the government had filed notices pursuant to 21 U.S.C. § 851 establishing that Bartley had nine prior felony drug convictions. Because Bartley's federal conviction under 21 U.S.C. § 846 came "after two or more prior convictions for a felony drug offense have become final," his mandatory minimum sentence increased from ten years to life imprisonment. 21 U.S.C. § 841(b)(1)(A). The trial court imposed that sentence in October 2002. *United States v. Bartley*, No. 00-CR-210-4 (W.D.N.C. 2000).

The United States Court of Appeals for the Fourth Circuit affirmed on direct appeal. *United States v. Bartley*, 62 F. App'x 547 (4th Cir. 2003). Bartley challenged the enhancement of his sentence on numerous grounds in his initial motion for relief under 28 U.S.C. § 2255. However, the trial court denied relief and the Fourth Circuit declined to issue a certificate of appealability on any of the grounds asserted. *United States v. Bartley*, 272 F. App'x 239 (4th Cir. 2008).

Bartley contends in his present petition that his prior drug convictions were not a proper basis to enhance his sentence in light of *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016).[1] [Record No. 1-1] A federal prisoner challenging the legality of his federal conviction or sentence must generally do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The savings clause of § 2255(e) provides a narrow exception this rule. To properly invoke it, the petitioner must be asserting a claim that he is "actual innocent" of the underlying

---

[1] Bartley also asserts that 21 U.S.C. § 802(44)'s definition of a "felony drug offense" is (or must be) limited to drug trafficking offenses. [Record No. 1-1 at 9-25] But he points to no Supreme Court decision so holding, and his arguments in support of that claim are based upon cases decided before, not after, his conviction became final. This argument could – and therefore must – have been asserted on direct appeal or in an initial motion under § 2255, and is not cognizable in a § 2241 petition. It is also irrelevant: contrary to Bartley's suggestion in his petition, of the prior convictions set forth in his presentence report, seven involved drug trafficking, not merely drug possession. *Bartley v. United States*, No. 3: 04-CV-511-MU-02, 2007 WL 2964362, at *1 (W.D.N.C. Oct. 9, 2007).

offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

The strict requirements to meet this test apply with particular force to challenges to the petitioner's sentence, as opposed to his conviction. In this circuit, to challenge the enhancement of a sentence in a § 2241 petition (1) the petitioner's sentence must have been imposed when the Sentencing Guidelines were mandatory prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner must have been foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

Bartley's claim fails to satisfy at least the third requirement. In *Descamps*, the Supreme Court held that when a federal trial court determines whether to apply the career offender enhancement found in 18 U.S.C. § 924(e)(1), it may only consult *Shepard* materials when the

prior conviction sought to be used as a predicate offense was committed under a divisible statute, meaning one that defines multiple offenses. *Descamps*, 133 S. Ct. at 2283-85. *Mathis* merely reminded courts that a statute is not divisible simply because it describes alternative factual means to commit a single offense. *Mathis*, 136 S. Ct. at 2248-50.

Both *Descamps* and *Mathis* involved enhancements under § 924(e), and their holdings are applicable to enhancements under that section and the functionally-identical guidelines counterpart found in U.S.S.G. § 4B1.1(a). But Bartley's sentence was enhanced under the far simpler provision found in 21 U.S.C. § 841(b)(1)(A) because he had previously committed two "felony drug offenses." To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct *relating to* narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." (emphasis added).

By its terms, 21 U.S.C. § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs. Given the breadth of this definition, the use of the categorical approach is neither necessary nor appropriate. See *United States v. Graham*, 622 F. 3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("[Section] 802(44) only requires that the state statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession

of drugs."), *cert. denied*, 525 U.S. 1086 (1999). The more complex analysis involved in cases governed by *Descamps* and *Mathis* is simply not relevant to Bartley's circumstances.

For these reasons, Bartley's petition fails to establish any basis for habeas relief. Cf., *United States v. Smith*, No. 1:12-CR-88-1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) (rejecting the exact argument presented here and correctly noting that "[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5:13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)). Accordingly, it is hereby

**ORDERED** as follows:

1. Everton Bartley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. The Court will enter a corresponding Judgment.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 18th day of December, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge